UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN MANUEL ALBARADO,

                      Petitioner,

-against-

EX. DIRECTOR BRYAN COLLIER;
WARDEN JENEFFER COZBY,

                      Respondent.

23-CV-2068 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner is currently incarcerated in the Robertson Unit in Abilene, Texas, in the custody of the Texas Department of Criminal Justice. Petitioner challenges, among other things, his conviction in the 104th District Court of Taylor County, Texas. Petitioner has previously filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging that conviction. *See Albarado v. Davis*, No. 17-CV-00038 (N.D. Tx. Apr. 26, 2019).[1]

      This *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 is captioned for the United States District Court for the Eastern District of New York but was submitted to this district. The petition form has a question about whether the petitioner challenges his judgment of conviction, a parole revocation, or a disciplinary proceeding, and Petitioner checks the boxes for all three. (ECF 1 at 2.) Petitioner further indicates that he is asserting his "federal Indian rights." (*Id.*) He states that he is a "Native American Comanche Indian" and contends that the prisons in

---

[1] Petitioner was charged with murder when he was 16 years old. He was certified and tried as an adult, and a jury in the 104th District Court of Taylor County, Texas, found him guilty. Petitioner was sentenced to 30 years' imprisonment.

Abilene, Texas, are illegally operating on tribal lands. (*Id.* at 6.) Petitioner asserts that his good-time credit and credits for "field work time" have been improperly withheld. (*Id.* at 7.)[2]

Taylor County is in the Northern District of Texas, Abilene Division. 28 U.S.C. § 124(3). Venue of this petition thus is proper in the Northern District of Texas, whether petitioner is challenging his Taylor County conviction or a disciplinary sanction affecting the length of his sentence that was imposed in Taylor County. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 497 & n.13 (1973) ("Congress explicitly recognized the substantial advantages of having these [habeas] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Texas, Abilene Division. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes the case in the Southern District of New York.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[2] Petitioner has filed at least one other petition challenging a disciplinary sanction involving good-time credit. *See Albarado v. Director*, No. 9:17-CV-00049 (E.D. Tx. 2017) (challenging, under 28 U.S.C. § 2241, prison disciplinary conviction resulting in forfeiture of good-time credit).

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

SO ORDERED.

Dated:   April 6, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge